1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7

2:11-CV-1216 JCM (PAL)

8

SCOTT GODINO, JR.,

9

                Plaintiff,

10

v.

11

COUNTRYWIDE KB HOME LOANS,
et al.,

12
13

                Defendants.

14
15

**ORDER**

16

        Presently before the court are defendants Countrywide KB Home Loans, et. al.'s motions to

17

dismiss complaint.  (Docs. #6 and #7).  Plaintiff Scott Godino, Jr. filed oppositions to these motions.

18

(Docs. #12 and #13).  Defendants then filed replies.  (Docs. #14 and #15).

19

        The property at issue in this case is located at 10451 Lyric Arbor Drive, Las Vegas, Nevada.

20

(Doc. #1).  Plaintiff purchased this property with a $275,636.00 loan.  (Doc. #1).  The property was

21

sold at a public auction on May 23, 2011.  (Doc. #1).  In the complaint, plaintiff asserts that "[u]pon

22

information and belief, the [n]ote has been paid off and fully satisfied the indebtedness under the

23

[n]ote and [d]eed of [t]rust."  (Doc. #1).

24

        Defendants move to dismiss the complaint for failure to state a claim upon which relief can

25

be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docs. #6 and #7).  The complaint

26

alleges nine causes of action: (1) fraud, (2) satisfaction, (3) wrongful foreclosure, (4) conversion, (5)

27

unjust enrichment, (6) declaratory relief, (7) violations of NRS 107.080, *et. seq.*, (8) slander of title,

28

**James C. Mahan**
**U.S. District Judge**

and (9) declaratory relief.  (Doc. #1).  Defendants' primary contention is that plaintiff's claims rely on the legally flawed argument that MERS did not have authority to act as a nominee, substitute the trustee, and/or assign the deed of trust.  (Docs. #6 and #7).  Accordingly, the complaint should be dismissed for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).

## Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Further, the court must draw all reasonable inferences in plaintiff's favor.  *Twombly*, 550 U.S. at 547.  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

## I.  Count one: fraud

In count one of the complaint, plaintiff asserts that MERS made false representations of material fact by recording the assignment of deed of trust and substitution of trustee.  (Doc. #1). Plaintiff argues that MERS did not have the authority to make assignments or substitutions.

Plaintiff's legal arguments are contrary to the law.  It is well-established that MERS has the authority to make assignments and substitutions. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, – F.3d –, 2011 WL 3911031 (9th Cir. Sept. 7, 2011); *In re Mortgage Electronic Registration*

1    *Systems (MERS) Litigation*, 2011 WL 4550189 (MDL Oct. 3, 2011).  Because MERS had the

2    authority to assign the note and substitute the trustee, plaintiff has not pled a cognizable fraud claim.

3    Plaintiff has failed to identify any misrepresentations about MERS or the MERS system.  Indeed,

4    by signing the deed of trust, plaintiff acknowledged MERS' authority to make assignments and

5    substitutions.  *See Cervantes*, 2011 WL 3911031 at *5.  Accordingly, count one of plaintiff's

6    complaint is dismissed.

7    **II.    Count two: satisfaction**

8        In count two of the complaint, plaintiff asserts "[u]pon information and belief, the [n]ote has

9    been paid off and fully satisfied the indebtedness under the [n]ote and [d]eed of [t]rust."  (Doc. #1).

10   Plaintiff has not pleaded any factual basis for this claim.

11       Plaintiff's complaint fails to meet the pleadings standard established by the Supreme Court

12   in *Iqbal*.  129 S.Ct. at 1949.  Plaintiff's complaint does not "contain sufficient factual matter . . . to

13   state a claim to relief that is plausible on its face."  *Id.*  The court is not "required to accept as true

14   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

15   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Accordingly, count two of

16   plaintiff's complaint is dismissed.

17   **III.    Count three: wrongful foreclosure**

18       "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can

19   establish that at the time . . . the foreclosure occurred, no breach of condition or failure of

20   performance existed . . . ."  *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.

21   1983).  Thus, the material inquiry in a wrongful foreclosure action "is whether the trustor was in

22   default when the power of sale was exercised."  *Id.*

23       Similar to the conclusory allegations discussed above*,* plaintiff has never established that he

24   is not in default.  At best, plaintiff argues that "[a]t no point in [p]laintiff's [c]omplaint does

25   [p]laintiff allege that he is in default of his [n]ote."  (Doc. #12).  However, this pleading falls short

26   of the requirements of a valid wrongful foreclosure claim; plaintiff, at a minimum, must "establish

27   that . . . no breach of condition or failure of performance existed."  *Collins*, 662 P.2d at 623.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Plaintiff has failed to plead a valid wrongful foreclosure claim.  Accordingly, count three of

2  plaintiff's complaint is dismissed.

3  **IV.    Count four: conversion**

4         In Nevada, conversion is "a distinct act of dominion wrongfully exerted over another's

5  personal property in denial of, or inconsistent with his title or rights therein or in derogation,

6  exclusion, or defiance of such title or rights."  *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043,

7  1048 (Nev. 2000); *see also Tai-Si Kim v. Kearney*, 2010 WL 3603651 at *4 (D. Nev. 2011).

8         Plaintiff did not oppose defendants' motion to dismiss this claim.  Further, plaintiff has failed

9  to plead a cognizable claim for conversion because the property at issue is real property, not personal

10  property.  *See Evans*, 5 P.3d at 1048.  Accordingly, count four of plaintiff's complaint is dismissed.

11  **V.    Count five: unjust enrichment**

12         "An action based on a theory of unjust enrichment is not available when there is an express,

13  written contract, because no agreement can be implied when there is an express agreement."

14  *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus,

15  the doctrine of unjust enrichment "applies to situations where there is no legal contract but where

16  the person sought to be charged is in possession of money or property which in good conscience and

17  justice he should not retain but should deliver to another [or should pay for]."  *Id.*

18         Plaintiff's complaint admits that the parties entered into an express contract when they

19  executed the deed of trust and note.  (Doc. #1).  Accordingly, plaintiff's unjust enrichment claim

20  must fail, and count five of plaintiff's complaint is dismissed.

21  **VI.    Count seven: violations of NRS 107.080, *et. seq.***

22         Count seven of the complaint identifies two alleged deficiencies under Nevada's non-judicial

23  foreclosure statute, NRS 107.080, *et. seq*.  (Doc. #1).  Plaintiff first asserts that the notice of default

24  does not describe the deficiency in performance or payment.  Second, plaintiff argues that a copy of

25  the promissory note was not attached to the notice of trustee's sale.

26         Pursuant to NRS 107.080(3)(a), the notice of default must "[d]escribe the deficiency in

27  performance or payment . . . ."  The statute does not require a specific dollar amount necessary to

28

James C. Mahan
U.S. District Judge

- 4 -

cure the deficiency.  NRS 107.080(3)(a).

In the case at bar, the notice of default stated that there had been a "[f]ailure to pay the installment of principal, interest, and impounds which became due on 04/01/2010 and all subsequent installments of principal, interest and impounds . . . ."  (Doc. #6, Ex. B).  This description of the deficiency sufficiently identifies the deficiency for purposes of NRS 107.080(3)(a).  *See also Riley v. Greenpoint Mortgage Funding, Inc.*, 2011 WL 1979831 at *2 (D. Nev. 2011) (stating that "this notice is substantially compliant with NRS § 107.080 because the notice describes the type of default, failure to pay on the mortgage, and provided [p]laintiffs with a simple means of determining the amount in arrears").

Pursuant to NRS 107.080, *et. seq.*, a court may "void a trustee sale if, *inter alia*, the person or entity that conducted the sale did not substantially comply with the statute."  *Berilo v. HSBC Mortg. Corp., USA*, 2010 WL 2667218, at *3 (D. Nev. 2010).  Further, "[t]he ever-expanding body of case law within this district holds that the Nevada law governing non judicial foreclosure . . . does not require a lender to produce the original note as a prerequisite to nonjudicial foreclosure proceedings."  *Byrd v. Meridian Foreclosure Service*, 2011 WL 1362135, at *2 (D. Nev. 2011); *see also Urbina v. Homeview Lending, Inc.*, 681 F. Supp. 2d 1254, 1258 (D. Nev. 2009).

Defendants substantially complied with the requirements of NRS 107.080, *et. seq.*  Further, plaintiff has not demonstrated that he was prejudiced by any alleged procedural deficiency in the nonjudicial foreclosure proceedings.  Accordingly, count seven of plaintiff's complaint is dismissed.

## VII.   Count eight: slander of title

"The requisites to an action for slander of title are that the words spoken be false, that they be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken."  *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

Plaintiff's slander of title allegations are premised on the alleged illegality of the MERS system.  (*See* Doc. #1).  Plaintiff has failed to establish that the "words spoken be false."  *See Rowland*, 662 P.2d at 1335; *Cervantes*, 2011 WL 3911031, at *6-7.  Plaintiff additionally has failed to demonstrate that he sustained a special damage as a result of defendants' words.  *See Cervantes*,

James C. Mahan
U.S. District Judge

1   2011 WL 3911031, at *4.  Therefore, plaintiff has failed to state a claim for slander of title upon

2   which relief can be granted, and count eight of plaintiff's compliant is dismissed.  FED. R. CIV. P.

3   12(b)(6).

4   **VIII.    Counts six and nine: declaratory relief**

5          A claim for declaratory relief is a remedy, not a cause of action.  *See Stock West, Inc. v.*

6   *Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).   The

7   declaratory relief remedy derives from the substantive claims for relief. *Roberts v. McCarthy*, 2011

8   WL 1363811 at *4 (D. Nev. 2011).  If the substantive claims fail, then the claim for declaratory relief

9   also fails.  *Id.*

10         Plaintiff has failed to plead a claim for which relief can be granted.  FED. R. CIV. P. 12(b)(6).

11  Accordingly, plaintiff's substantive claims fail, and the claims for declaratory relief also fail.  Counts

12  six and nine of the complaint are dismissed.

13         Accordingly,

14         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Countrywide

15  KB Home Loans, et. al.'s motions to dismiss complaint (docs. #6 and #7) be, and the same hereby

16  are, GRANTED.

17         DATED December 8, 2011.

18

19  _____

20  **UNITED STATES DISTRICT JUDGE**

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge